UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>               Plaintiffs,<br><br>    v.<br><br>THE BOEING COMPANY,<br><br>               Defendant. | No. 2:20-cv-00013 RSM<br><br>STIPULATED PROTOCOL REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

1. Plaintiffs Spearman Corporation and Spearman Corporation Kent Division ("Spearman") and The Boeing Company ("Boeing") (together, the "parties") hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

STIPULATED PROTOCOL REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION (No. 2:20-cv-00013) – 1

92250872.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5. <u>Foreign data privacy laws.</u> Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet

STIPULATED PROTOCOL REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION (No. 2:20-cv-00013) – 2

92250872.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.    ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. Upon request, a party shall agree to up to five more custodians (*i.e.* custodians in addition to those identified in any forthcoming or previously filed B.1 disclosure). The parties shall continue to cooperate in revising the appropriateness of the search methodology. Moreover, the parties agree to confer should any party wish to use other technology based processes, for example, predictive coding and other technology assisted review (TAR), to further identify relevant and irrelevant documents. While no party will unreasonably withhold agreement to such other technology based processes, the parties will cooperate to ensure full disclosure as to what process is proposed and will work cooperatively to resolve objections or concerns.

   a.    Prior to running searches:

   i.    The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party shall provide unique hit counts for each search query.

STIPULATED PROTOCOL REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION (No. 2:20-cv-00013) – 3

92250872.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

ii. The requesting party is entitled to, within 14 days of the producing party's disclosure, add no more than 10 search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties.

iii. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

b. After production: Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 10 additional search terms or queries. The immediately preceding section (Section C(2)(a)(iii)) applies.

c. Upon reasonable request, a party shall disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

STIPULATED PROTOCOL REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION (No. 2:20-cv-00013) – 4

92250872.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3. Format.

    a. ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

    b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

    c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

    d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    e. The parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

    f. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a

STIPULATED PROTOCOL REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION (No. 2:20-cv-00013) – 5

92250872.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5. <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

6. <u>Parent-Child Relationships</u>. Parent-Child relationships (the association between an attachment and its parent document) must be preserved so a document and any attachments to that document are produced in the same production set and such relationships are identifiable. The parties agree to provide beginning attachment and ending attachment fields in the database load file to capture the entire production number range for the parent/child(ren) documents. A party may withhold wholly privileged members of a family group so long as the party inserts a slip sheet in place of the withheld document indicating that it has been "Withheld for Privilege" and logs such attachments in a privilege log in accordance with the requirements of this protocol.

7. <u>Time Zone</u>. All ESI shall be processed with a single time zone [Pacific] and a date and time setting consistent across all parties' productions.

8. <u>Metadata fields.</u> The parties agree to include in load files the Standard Metadata fields listed at attached Exhibit A, to the extent they are reasonably accessible and non-privileged.

STIPULATED PROTOCOL REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION (No. 2:20-cv-00013) – 6

92250872.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

This list of metadata types is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices. The parties also agree to provide a field indicating whether the subject document has been redacted.

9. <u>Hard-Copy Documents.</u> If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.     Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

STIPULATED PROTOCOL REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION (No. 2:20-cv-00013) – 7

92250872.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are duplicative of data that are more accessible elsewhere.

    f. Server, system or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

    i. Data duplicated in any electronic backup system for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy.

    j. Data stored on photocopiers, printers, scanners, and fax machines.

STIPULATED PROTOCOL REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION (No. 2:20-cv-00013) – 8

92250872.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**E.  Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production unless a different deadline is agreed to by the parties. The parties will discuss and consider all reasonable extension requests in good faith.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege

STIPULATED PROTOCOL REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION (No. 2:20-cv-00013) – 9

92250872.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

DATED: 3/17/2020

*/s/ Laura Marquez-Garrett*
David Schoeggl, WSBA #13638
Laura Marquez-Garrett, WSBA #41010
Callie Castillo, WSBA #38214
Attorneys for Plaintiffs
**Lane Powell, PC**
1420 Fifth Avenue, Suite 4200
Seattle, WA 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email: SchoegglD@LanePowell.com
GarrettL@LanePowell.com
CastilloC@lanepowell.com

DATED: 3/19/2020

*/s/ Nicholas P. Gellert*
Nicholas P. Gellert, WSBA #18041
Susan E. Foster, WSBA #18030
Leigh E. Sylvan, WSBA # 52415
Attorneys for Defendant The Boeing Company
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: NGellert@perkinscoie.com
SFoster@perkinscoie.com
LSylvan@perkinscoie.com

STIPULATED PROTOCOL REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION (No. 2:20-cv-00013) – 10

92250872.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED this 26th day of March 2020.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED PROTOCOL REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION (No. 2:20-cv-00013) – 11

92250872.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# EXHIBIT A

# Appendix 1: Metadata and Coding Fields

The Parties agree to produce a metadata database load file with following fields in the order displayed below. The Parties agree that all fields with an asterisk* will not be required to be produced if the files require redaction.

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Individual from whom the documents originated |
| OTHER_CUSTODIAN | Individual(s) that had electronic files that were removed due to de-duplication |
| DOCTYPE | Description of document (Email, Attachment, Edoc, Hard Copy) |
| EXTENSION | Characters of the filename indicating the relevant program used to open the file (file extension) |
| FULLPATH* | The directory structure of the original file(s). Any container name is included in the path. |
| HASHVALUE | The MD5 or SHA-1 hash value. |
| NATIVELINK | Native File Link for agreed upon native files, if applicable (for example Excel files) |
| SUBJECT* | Subject line of email |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email was sent |
| PARENT_DATE | The date of the parent email should be applied to the parent email and all of the email attachments. |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME* | Filename of an electronic document, loose files and attachments to email. |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) |
| REDACTED | Yes should be populated if a document contains a redaction. |
| CONFIDENTIALITY | The confidential designation should be populated. |
| CDVOL | The Production CD volume name. |
| TIMEZONE | Three letter reference to reflect time zone that data was processed in, as agreed between parties |