UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | CASE NO. C20-13RSM<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs Spearman Corporation Marysville Division and Spearman Corporation Kent Division's Motion to Amend Complaint, Dkt. #30. Defendant Boeing opposes. Dkt. #35. For the reasons stated below, the Court GRANTS Plaintiffs' Motion and STRIKES Defendant's prior Motion to Dismiss, Dkt. #17, as MOOT.

## II.   BACKGROUND

**A. Procedural History**

This case was filed in King County Superior Court in December of last year and removed to this Court on January 3, 2020. Dkt. #1. One month later, Boeing filed a Motion for Partial Dismissal, moving to dismiss Plaintiffs' Washington's Consumer Protection Act

ORDER GRANTING MOTION TO AMEND COMPLAINT - 1

("CPA") claim. Dkt. #17. Plaintiffs opposed that Motion, then waited two months to file an Amended Complaint. Dkt. #28. The Court issued a Minute Order striking that Amended Complaint as filed without leave and permitting Plaintiffs to file the instant Motion to Amend after the deadline for amending pleadings. Dkt. #29. Plaintiffs are moving to add, *inter alia*, language to their CPA claim including examples of Boeing engaging in "other unfair and deceptive practices to discourage suppliers from pursuing valid claims against Boeing." Dkt. #30-1 at 30.

### III.   DISCUSSION

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court has reviewed the briefing of the parties and the record and does not find evidence of bad faith or significant prejudice to Boeing given the amount of time remaining for

discovery.[1] The Court is mainly concerned with the question of undue delay. Plaintiffs argue that they filed the instant Motion in April, well after opposing Boeing's Motion to Dismiss, because they learned of another lawsuit involving Boeing and were "waiting to see whether Boeing would file the more than $5,000,000 in counterclaims threatened [in the instant lawsuit] and, if so, what it would provide in support of those claims." Dkt. #30 at 2. Boeing argues that this amendment is untimely because Plaintiffs considered making this amendment last December, and that the new claims are futile. Dkt. #35 at 2–3.

The parties and the Court agree that Plaintiffs proposed amendment has been delayed. Plaintiffs provide ostensibly valid reasons for the delay—a new case to cite coming to their attention after their response to the Motion to Dismiss was filed. Acknowledging the extreme liberality with which this Court grants leave to amend, and granting all inferences in favor of allowing amendment, the Court finds that Boeing has failed to demonstrate *undue* delay. Although Boeing appears to have many good arguments lined up against Plaintiffs' amended CPA claim, futility has not been demonstrated. Boeing's arguments about discovery requests and improper reliance on communications protected by FRE 408 are properly left for future motions practice. This is the first amendment by Plaintiffs. Given all of the above, the Court will grant this Motion.

Having allowed Plaintiffs to amend their CPA claim, the Court finds that Defendant's Motion to Dismiss that claim is moot. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (recognizing "the general rule . . . that an amended complaint supercedes [sic] the original complaint and renders it without legal effect"). The Court notes that Boeing agrees with this assessment. *See* Dkt. #35 at 10 ("one basis of Boeing's motion to dismiss was that Plaintiffs had failed to plead a cognizable unfair or deceptive act, and Plaintiffs now are seeking

---

[1] Discovery closes in this case on January 25, 2021. Dkt. #22.

to plead entirely new unfair and deceptive acts. If these allegations are permitted to proceed, Boeing would have to refile a new, expanded motion to dismiss the amended CPA claim.").

## IV.     CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that:

1) Plaintiffs' Motion to Amend Complaint, Dkt. #30, is GRANTED. Plaintiffs are directed to file a clean copy of the Proposed First Amended Complaint on the docket within seven (7) days.

2) Defendant's Motion to Dismiss, Dkt. #17, is STRICKEN as MOOT.

DATED this 13th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO AMEND COMPLAINT - 4