UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | CASE NO. C20-13RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs Spearman Corporation Marysville Division and Spearman Corporation Kent Division ("Spearman")'s Motion to Compel. Dkt. #33.

This case was filed in King County Superior Court in December of last year and removed to this Court on January 3, 2020. Dkt. #1. Discovery closes January 25, 2021. Dkt. #22. Trial is set for May 24, 2021. *Id.*

The parties held their Rule 26 discovery conference on February 19, 2020, and Spearman served its first set of discovery requests that same day. Proposed search terms were exchanged in mid-March. Dkt. #42 ("Gellert Decl."), ¶ 10; Dkt. #34-1 at 47-48. The parties stipulated to the entry of a model Electronically Stored Information ("ESI") Order in this case,

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL - 1

which included its own set of agreed upon deadlines for ESI production. Dkt. #27. Over the next few weeks, the parties disagreed about record custodians and search terms. The instant Motion was filed on April 23, 2020. Boeing apparently continued to supplement its discovery production in batches.

On August 7, 2020, the parties filed a Joint Status Report indicating that they were working on resolving this discovery issue and advising the Court not to issue a ruling. Dkt. #58. On September 3, 2020, the parties filed a second Joint Status Report stating that they "were able to reach agreement regarding the remaining substantive issues raised in the Motion." Dkt. #60. The only remaining point of disagreement is whether Plaintiffs should receive fees and costs for bringing this Motion. *Id*.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1).

Rule 37 provides that if a motion to compel is granted or disclosure or discovery is provided after filing, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). However, a court must not order this payment if: ". . .the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii).

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL - 2

      The request for substantive relief in this Motion is now moot. The Court finds that fees are not warranted in this case for either party. Boeing's delays in disclosure were substantially justified given the complexity of this case and the back-and-forth correspondence cited in the record.

      Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Compel, Dkt. #33, is DENIED.

DATED this 4th day of September, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL - 3