UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | CASE NO. C20-13RSM<br><br>ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS CPA CLAIM |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Boeing's Motion for Partial Dismissal of Plaintiffs' Amended Complaint under Rule 12(b)(6). Dkt. #49. Plaintiffs oppose. Dkt. #50. The Court has determined that oral argument is unnecessary. For the reasons stated below, the Court GRANTS Boeing's Motion and dismisses Plaintiffs' Consumer Protection Act claim.

## II.   BACKGROUND

For purposes of these Motion to Dismiss, the Court will accept all facts in the Amended Complaint, Dkt. #47, as true. The Court will briefly summarize only those facts necessary for ruling on this very limited partial Motion to Dismiss.

This case arises out of disputes concerning aerospace supplier contracts. Defendant Boeing is a leading manufacturer of commercial jetliners, defense, space and security systems, and there is significant competition among aerospace suppliers for Boeing work.

From 1988 through 2002, Alex Spearman worked closely with Boeing in his executive role for an aerospace parts manufacturing company called QPM Aerospace. He formed Spearman Corporation in 2013 and began obtaining certifications and approvals necessary to supply aircraft parts to Boeing. Plaintiffs obtained their first Boeing award on January 18, 2016, and received a General Terms Agreement (GTA) and Special Business Provisions (SBP) agreement from Boeing on or about February 1, 2016. Through the next several years, Plaintiffs had various contractually-based dealings with Boeing to supply parts. The relationship eventually soured, leading to the termination of these contracts and the underlying allegations of Plaintiffs' claims, the majority of which need not be discussed at this time.

This action was filed on December 23, 2019, in King County Superior Court, Dkt. #1-1, and removed to this Court on January 3, 2020, Dkt. #1. Plaintiffs' Amended Complaint brings claims for declaratory judgment, breach of contract, breach of the duty of good faith and fair dealing, and for violations of the Washington State Consumer Protection Act ("CPA"). Dkt. #47. The CPA claim in particular was amended after Boeing filed a partial Motion to Dismiss that claim. *See* Dkt. #17.

Plaintiffs' amended CPA claim alleges that:

> …[W]hen Spearman submitted termination claims to Boeing, Boeing engaged in each of the following unfair and deceptive business practices, which practices Boeing engages in with respect to most (if not all) of its suppliers,
> a. It is Boeing's practice to withhold consideration of claim payment for an unreasonable period of time, creating financial pressure for suppliers;
> b. It is Boeing's practice to refuse payment of documented and supported claim amounts, in part or in whole, such that

ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS - 2

suppliers have no meaningful choice but to accept lesser amounts;

c. It is Boeing's practice to then refuse payment of any claim (whether the total or a lesser amount) until its supplier signs Boeing's pro forma Termination Claim Settlement Agreement, the terms of which Boeing also does not comply with as a matter of practice; and

d. In the event of a later supplier complaint or dispute, it is Boeing's practice to discourage its supplier to pursue their legal remedies by, among other things, characterizing Termination Claim Settlement Agreements as a complete and unilateral waiver of all supplier claims.

Dkt. #47 at 29–30. The Amended Complaint does not include any allegations of these practices having occurred to any other specific suppliers. Plaintiffs go on to allege:

Boeing engages in other unfair and deceptive practices to discourage suppliers from pursuing valid claims against Boeing. For example,

a. Boeing demands that its supplier contracts include pro forma provisions that purport to provide Boeing with excessive and unwarranted discretion and extensive and non-exclusive remedies (*see, e.g., infra*, ¶ 132.d).

b. Boeing then creates a record that purports to document large claims against suppliers by declaring unwarranted defects and/or events of default that ignore specific circumstances such as reasonableness, mutual intent, agreement of the parties, and Boeing's own actions or inactions that increase or cause Boeing to incur alleged additional costs.

c. Boeing typically does nothing with its claim allegations unless and until a supplier attempts to assert its own legal rights as against Boeing, at which time Boeing responds by unilaterally offsetting amounts undisputedly owed to its supplier based on Boeing's non-meritorious claim, or by threatening its supplier with countersuit.

d. To maximize its negotiating leverage and to conceal the weakness of its "counterclaims," Boeing then goes to extensive lengths to prevent the supplier from ascertaining the basis of these claims, including, for example, refusal to provide that information in the context of informal negotiations and, even after suit is filed, refusing to share critical information about them. *See Leonardo, S.P.A. v. The Boeing Company*, Western District of Washington, Cause No. 2:19-cv-2082 (filed December 23, 2019) (alleging these same types of practices by Boeing).

ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS - 3

*Id.* at 30–31. The CPA claim states, without further support, that "hundreds if not thousands of Washington companies have been and continue to be harmed" by the above practices and that "Boeing's practices with regard to suppliers are a matter of public importance." *Id.* at 31. Plaintiffs contend that Washington itself has an interest in the dealings of Boeing given the scope of its business in the state. *Id.*

Boeing filed the instant Motion on May 28, 2020, seeking to dismiss only Plaintiffs' CPA claims, in part because they fail to adequately satisfy the public interest requirement for such claims. Dkt. #49. Boeing, referring to the *Leonardo* case above, asserts that the "only company other than Spearman that Plaintiffs have identified as facing these allegedly-ubiquitous practices of public importance to Washington state is a Italian multinational defense contractor whose suit against Boeing does not reference termination claims or allege that Boeing took any action to discourage it from pursuing legal claims against Boeing." *Id.* at 5.

### III.   DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include

detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis of CPA Claim**

"To prevail in a private [Consumer Protection Act] claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 204 P.3d 885, 889 (2009) (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 786, 719 P.2d 531 (1986)). The Court will focus primarily on the public interest prong because this is the most important element distinguishing Plaintiffs' CPA claim from its remaining contractual claims.

Boeing points out that the Amended Complaint has "150-plus paragraphs of allegations" about how Plaintiffs were singled out for unfair treatment by Boeing, then they "tack-on, as speculative after-thoughts, a few paragraphs declaring that Boeing treats all suppliers unfairly in ways that harm the public at large." Dkt. #49 at 7. Boeing maintains that "[t]his is a breach of contract case—a supplier dispute—and '[o]rdinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest.'" *Id*. (citing *Hangman Ridge*, 719 P.2d at 538)). Boeing argues that to satisfy the public interest prong, there must be a "likelihood that additional plaintiffs have been or will be injured in exactly the same fashion." *Id*. (citing *Hangman Ridge*, 719 P.2d at 538).

The Court agrees with Boeing that Plaintiffs have failed to allege, with respect to their CPA claims, how other suppliers have been or will be injured in the same way. The CPA allegations with regard to other suppliers are speculative and conclusory, and often just circle back to the allegations of Boeing's dealings with Plaintiffs in this case. Furthermore, the Court does not agree that aerospace suppliers are representative of the public at large for purposes of satisfying the public interest prong. The Court would typically consider the following factors in a contract case with an added CPA claim: (1) whether the alleged acts were committed in the course of defendant's business; (2) whether the defendant advertised to the public in general; (3) whether the defendant actively solicited this particular plaintiff, indicating potential solicitation of others; and (4) whether the plaintiff and defendant have unequal bargaining positions. *Hangman Ridge*, 719 P.2d at 538. The Amended Complaint fails to adequately plead that Boeing "advertised to the public in general" with regard to the conduct at issue or that "defendant actively solicited this particular plaintiff" rather than just supported the growth of Plaintiffs' business.

Boeing is correct that the previous "150-plus paragraphs" generally paint a picture that Plaintiffs were singled out for unique treatment. *See, e.g.,* Dkt. #47 at 16 ("Spearman believes that it is the only Boeing supplier to ever be terminated by Boeing due to these types of reporting issues.") and at 18 ("The January 30, 2018 letter is not typical of how Boeing treats its suppliers in these types of circumstances…"). Taking these allegations as true, the pleading then cannot demonstrate a substantial likelihood that other suppliers "will be injured in exactly the same fashion." *Hangman Ridge*, 719 P.2d at 538.

In Response to this Motion, Plaintiffs take issue with several of Boeing's arguments but do not directly address the above problems with their pleading. To the extent that Plaintiffs attempt to show how Boeing's bad practices with suppliers are widespread by relying on new

declarations outside the pleadings, this does not cure the problem with the pleading. *See* Dkt. #50 at 11 ("Aerospace manufacturing is an incredibly complicated and precise process, and Boeing itself causes the majority of supplier issues. *See, e.g.,* Nguyen Decl. at ¶ 6 ('…suppliers can take a hit in Boeing quality and delivery ratings when problems happen because of what Boeing has done'); Spearman Decl., ¶¶ 52-54, Ex F (admitted Boeing errors)"). These new allegations could have been included in Plaintiffs' amended complaint but were not, and in any event do not alter the Court's above conclusions.

The Court finds that, even after amendment, Plaintiffs fail to allege sufficient factual matter, accepted as true, to state a claim for relief under the CPA. This claim will thus be dismissed without further leave to amend, and the Court need not address Boeing's many other issues with the CPA claim.

### IV.   CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Boeing's Motion for Partial Dismissal of Plaintiffs' Amended Complaint under Rule 12(b)(6), Dkt. #49, is GRANTED. Plaintiffs' CPA cause of action is DISMISSED.

DATED this 14th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE