UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>     Plaintiffs,<br><br> v.<br><br>THE BOEING COMPANY,<br><br>     Defendant. | CASE NO. C20-13RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE TO ADD PARTIES |

This matter comes before the Court on Defendant Boeing's Motion for Relief from Deadline to Add Parties. Dkt. #64. Boeing specifically "moves for relief from the deadline for adding parties to this action so it can pursue serving a summons on Alex Spearman with respect to the claims set forth in its Answer, Counterclaims and Third-Party Complaint." *Id.* at 1. Plaintiffs oppose. Dkt. #72. For the reasons stated below, the Court GRANTS Boeing's Motion.

This case arises out of disputes concerning aerospace supplier contracts. Defendant Boeing is a leading manufacturer of commercial jetliners, defense, space and security systems, and there is significant competition among aerospace suppliers for Boeing work.

ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE TO ADD PARTIES - 1

From 1988 through 2002, Alex Spearman worked closely with Boeing in his executive role for an aerospace parts manufacturing company called QPM Aerospace. He formed Spearman Corporation in 2013 and began obtaining certifications and approvals necessary to supply aircraft parts to Boeing. Plaintiffs obtained their first Boeing award on January 18, 2016, and received a General Terms Agreement (GTA) and Special Business Provisions (SBP) agreement from Boeing on or about February 1, 2016. Through the next several years, Plaintiffs had various contractually-based dealings with Boeing to supply parts. The relationship eventually soured, leading to the termination of these contracts and the underlying allegations of Plaintiffs' claims, which need not be discussed at this time.

This action was filed on December 23, 2019, in King County Superior Court, Dkt. #1-1, and removed to this Court on January 3, 2020, Dkt. #1. Plaintiffs' Amended Complaint brings claims for declaratory judgment, breach of contract, breach of the duty of good faith and fair dealing, and for violations of the Washington State Consumer Protection Act ("CPA"). Dkt. #47. The CPA claim has since been dismissed by the Court. Dkt. #63.

The Court's initial Order Setting Trial Date and Related Dates set a deadline for joining additional parties of April 7, 2020. Dkt. #22. On January 28, 2021, Boeing filed the instant Motion as well as a new Answer with counterclaims and claims against a third party, Alex Spearman. Dkt. #68.

Once a district court files a scheduling order pursuant to Federal Rule of Civil Procedure 16 and the deadlines for amending a pleading or joining a party expire, a party's motion to amend a pleading or join an additional party is governed by Rule 16, not Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad

ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE TO ADD PARTIES - 2

discretion of the district court.  *Johnson*, 975 F.2d at 607.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  *Id.* at 609.  If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule.  *Id.*  However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted.  *Id.*  Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."  While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

The primary question before the Court is whether Boeing has been diligent in pursuing its claims against Alex Spearman, a new party.  Boeing alludes to "a large volume of documents and… various discovery disputes" as one reason for its delay. Dkt. #64 at 2.  Boeing points to an agreed "pause" to litigation activities for the parties to "spend a few months to focus on digesting the information in the documentary evidence."  *Id.*  Boeing cites to "the 14-day period allowed since the Court ruled on Boeing's partial motion to dismiss."  *Id.*  Boeing now believes that "the documents it has gathered show that Mr. Spearman manipulated the financial statements of the corporations to shift assets, debt, shareholders equity, expenses, and other financial statement items within and between the two corporate plaintiffs, thereby falsely bolstering the financial statements and inducing Boeing first enter into the agreements and then to avoid termination."  *Id.* at 3.  This has led to Boeing's Answer including causes of action against Mr. Spearman individually on an alter ego theory.  Boeing argues that there will be minimal prejudice to Plaintiffs and that the addition of the alter ego claim "will result in nominal additional discovery and depositions and expert discovery has yet to take place."  *Id.* at 4.

ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE TO ADD PARTIES - 3

In Response, Plaintiffs argue that Boeing should have known that it would pursue these claims months ago "when it gave notice of its intent to subpoena Spearman Corporation's financial records held by third parties in late May 2020." Dkt. #72 at 4.  Plaintiffs contend that the volume of documents does not render Boeing's actions diligent, and that "Boeing's five lawyers who have appeared in this case, together with the many paralegals and document clerks at their large firm, were certainly capable of analyzing the modest number of documents produced in this case (approximately 250,000 pages) in less than six months." *Id*. at 4–5. Despite Boeing's pending partial motion to dismiss in this case, Plaintiffs argue that Boeing should have moved for relief from the deadline to add parties as soon as it thought it "might attempt to sue Mr. Spearman" regardless of the surrounding procedural situation. *Id*. at 5. Plaintiffs contend that "the negotiated 'pause' applied only to new discovery and not to discovery already completed such as the Spearman Corporation production and the third-party subpoenas that Boeing's effort to add claims against Mr. Spearman is allegedly based on." *Id*. at 5–6.  Plaintiffs argue prejudice because "the claims appear to be designed as late-conceived strong-arm tactics to force a dismissal or settlement of Spearman Corporation's claims by threatening Mr. Spearman with personal financial ruin." *Id*. at 7.

On Reply, Boeing reiterates that the facts necessary for an alter ego claim were not reasonably known to it at the time of the initial deadline and that it exercised due diligence in reviewing the relevant documents for this claim. Dkt. #74 at 2–3.  Boeing explains that "[e]ven after uncovering the fraudulent statements that became the basis for the counterclaims, discovery of the alter ego claims required additional, complex analysis—including identification of changes made to records between financial periods, review of changes to paid in capital over time, and the examination of debt instruments and general ledger entries." *Id*. at 5.

ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE TO ADD PARTIES - 4

The Court has reviewed the arguments and evidence presented in this case and finds that Boeing has demonstrated diligence in pursuing this claim as soon as it was reasonably able to do so.  Given the voluminous discovery in this case and the complexity of the analysis necessary to pursue an alter ego claim against Alex Spearman, it would not have been reasonable to expect Boeing to move for this relief the instant or even a few months after receiving the underlying evidence supporting the claims in discovery.  The Court is not convinced that exposure to the liability of the alter ego claims constitutes the kind of prejudice that would warrant denial of this Motion, and Plaintiffs have failed to demonstrate significant other prejudice to this case, where discovery is ongoing.  The Court notes that the parties recently stipulated to the continuance of trial "given, among other things, the recent filing of Boeing's Answer, Counterclaim and third party claims; Boeing's related motion for leave to add Alexander Spearman in his individual capacity as a party; the parties' disagreement on the status of the pleadings until such motion is decided; and the status of discovery with several upcoming deadlines."  Dkt. #83 at 1.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Boeing's Motion for Relief from Deadline to Add Parties, Dkt. #64, is GRANTED.  Boeing is granted relief from the deadline for adding parties to this action so it can pursue serving a summons on Alex Spearman with respect to the claims set forth in its Answer, Counterclaims and Third-Party Complaint.

DATED this 30th day of March, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE TO ADD PARTIES - 5