UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | No. 2:20-cv-00013 RSM<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO SEAL |

This matter comes before the Court on Defendant the Boeing Company ("Boeing")'s Motion to Seal its unredacted version of its Answer and Third-Party Complaint. Dkt. #66. Boeing moves to seal this document based on information obtained through discovery that has been marked confidential by Plaintiffs under the stipulated Protective Order in this case. *Id.*

"There is a strong presumption of public access to the court's files." LCR 5(g). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO SEAL – 1

> discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3).

Plaintiffs bear the burden of overcoming "'a strong presumption' in favor of access" to court records and can only do so by "'articulat[ing] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal citations omitted). As the operative pleading in its case, Boeing's counterclaim goes to the "very heart of the suit" and is essential to the "public's understanding of [it]," making the public interest in access to it "especially great." *Tevra Brands LLC v. Bayer HealthCare LLC*, No. 19-CV-04312-BLF, 2020 WL 1245352, at *2–*3 (N.D. Cal. Mar. 16, 2020). Notably, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. However, applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a motion for summary judgment when court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

The Court has reviewed Plaintiffs' Response and finds that Plaintiffs are mainly concerned with embarrassment or exposure to further litigation, which do not constitute compelling reasons to seal this pleading. Concerns over the weakness of Boeing's claims are properly addressed in

future motions. While the Court is concerned with the release of confidential business information, the Court agrees with Boeing that Plaintiffs have failed to show how any of the specific allegations at issue could cause competitive damage. *See* Dkt. #80 at 7. The names of non-parties should be and will be redacted.

Accordingly, having considered Defendant Boeing's Motion to Seal, Plaintiffs' Response, and the remainder of the record, the Court hereby ORDERS that Boeing's Motion to Seal is GRANTED IN PART. Dkt. #68 is to remain under seal. Boeing shall immediately file a revised version of its redacted pleading, to supersede that filed at Dkt. #70, with the redactions to which Boeing agreed to stipulate, as reflected in Exhibits B and C to the Supplemental Declaration of Leigh E. Sylvan, Dkt. #81.

DATED this 29th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE