UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | CASE NO. C20-13RSM<br><br>ORDER DENYING MOTION TO AMEND AFTER DEADLINE |

This matter comes before the Court on Plaintiffs' Motion for Leave to File Amended Complaint to add a claim for promissory estoppel.  Dkt. #115. The Boeing Company ("Boeing") opposes.  Dkt. #117.

This case was originally filed in King County Superior Court in December of 2019. Dkt. #1-1.  After removal, this Court set a deadline for amended pleadings of April 7, 2020. Dkt. #22.  Plaintiffs filed an amended complaint on the last possible day.  Dkt. #28.  The Court issued a Minute Order finding that Plaintiffs had filed without leave and struck the pleading. Dkt. #29.  Plaintiff than moved for leave to file the amended complaint, the Court granted that Motion, and Plaintiff's Amended Complaint was filed on the docket on May 14, 2020.  Dkts. #30, #46, and #47.  The Court granted Defendant's Motion for partial dismissal of Plaintiffs'

Amended Complaint under Rule 12(b)(6) on January 14, 2021.  Dkt. #63.  On February 8, 2021, Defendant filed an Answer with counterclaims.  Dkt. #70.

There have been many extensions of deadlines in this case.  The latest scheduling order set trial for May 16, 2022.  Dkt. #100.  Discovery closed on January 28, 2022; dispositive motions are due in seven days, on February 25, 2022.  *Id.*  The original deadline to amend pleadings, April 7, 2020, was never extended.

Plaintiffs filed the instant Motion on January 25, 2022, three days prior to the close of discovery, and noted for consideration on February 11.  Dkt. #115.

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2).  Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The decision to modify a scheduling order is within the broad discretion of the district court.  *Johnson*, 975 F.2d at 607.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  *Id.* at 609.  If a

party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id.* However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.* Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

The Court first finds that allowing amendment to add a claim would inherently require amending the scheduling order to reopen discovery and to allow for dispositive motions. Given the above standards, the Court will first analyze whether Plaintiffs have been diligent in seeking this amendment.

Defendant Boeing argues that the facts supporting this new cause of action were known to Plaintiffs from the start of this litigation. *See* Dkt. #117 at 7 ("The only 'new evidence' Spearman offers is the artfully edited deposition testimony of James Frankland, a former Boeing employee, during which Spearman's counsel read into the record emails that were sent to Spearman's own president in 2016, and thus produced by Spearman itself in this litigation."). Boeing argues that "it makes little sense that a promissory estoppel claim could be revealed through discovery" because "a promissory estoppel claim arises from a supposed 'promise' that the claimant alleges to have relied upon when it was made." *Id.* The Court agrees. Plaintiffs are not even proposing to add facts, merely to add a claim that they contend was confirmed by recent deposition testimony. A plaintiff need not wait until allegations are confirmed in discovery before pleading them. Plaintiffs have failed to demonstrate diligence in pleading this claim, or good cause for amending the scheduling order.

ORDER DENYING MOTION TO AMEND AFTER DEADLINE - 3

1   Defendant also argues that they will be prejudiced by amendment after the close of

2   discovery and with mere days left to file a dispositive motion.  The Court again agrees.

3   Plaintiffs have had ample opportunity in this lengthy litigation to bring this claim, litigation has

4   dragged on, and discovery has been extensive.  By waiting until discovery has closed and the

5   eve of dispositive motions, Plaintiffs have dramatically increased the prejudice to Defendant.

6       Given the above, the Court need not address the issue of futility or the merits of the

7   proposed amendment.

8       Having reviewed the Motion and the remainder of the record, the Court hereby finds and

9   ORDERS that Plaintiffs' Motion for Leave to File Amended Complaint, Dkt. #115, is DENIED.

10  DATED this 18th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO AMEND AFTER DEADLINE - 4