# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | Case No. C20-13RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This case comes before the Court on Plaintiffs Spearman Corporation and Spearman Corporation Kent Division ("Spearman")'s Motion for Reconsideration, Dkt. #191. Spearman seeks partial reconsideration of the Court's Order granting in part Defendant Boeing's Motion for Summary Judgment, Dkt. #190. The Court has requested and received a response brief from Boeing. Dkt. #193.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Spearman seeks reconsideration of this Court's "rulings that (1) Spearman's small number of late deliveries were material breaches justifying termination of $50 million in contracts as a matter of law; and (2) the GTA's incorporation of 48 C.F.R. § 52.249-2 limits Boeing's liability for breach of the duty of good faith and fair dealing." Dkt. #191 at 1.

Spearman first argues that the Court improperly weighed an issue of fact by determining that its late deliveries constituted material breaches of the contracts at issue. *Id*. at 2. Spearman cites to *Colorado Structures, Inc. v. Ins. Co. of the W.*, 161 Wn.2d 577, 589, 167 P.3d 1125 (2007) for the proposition that "slight" or "insubstantial" breaches of a contract are partial—not material—breaches insufficient to excuse the aggrieved party's own performance. *Id*. Spearman acknowledges the Court's finding that these breaches were not "slight" or "insubstantial" and that they clearly harmed Boeing, but argues that this question should have gone to the jury.

The Court has interpreted the contracts to permit cancellation "for any event of default." Spearman disputes hundreds of breaches alleged by Boeing; factual disputes over a breach of contract almost always go to the jury. However, in this case, Spearman has clearly conceded responsibility for at least 28 late deliveries. *See* Dkt. #190 at 11. Spearman essentially concedes this via deposition, and it appears undeniable to the Court, even if Spearman's representative was not able to state with certainty which parts were delivered late. The fact that Boeing accepts a certain rate of late deliveries from other suppliers does not legally affect its rights under the contracts to cancel with Spearman. Given the undisputed facts of the case, this question did not need to go to jury and the Court's ruling was not error. Any allegation that Boeing operated without good faith properly remains under Spearman's other cause of action.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Spearman next contends the Court overlooked authority contrary to its ruling that "Spearman's available recovery for the cancellation of the orders and contract is limited by the GTA to that allowed under 48 C.F.R. § 52.249-2, subsections (d)-(g)." Dkt. #190 at 4. Spearman cites cases finding that "the federal government itself loses the benefit of the limitations in 48 C.F.R. § 52.249-2 when a supply contract is terminated in bad faith." *Id.* (citing *TigerSwan, Inc. v. United States*, 110 Fed. Cl. 336, 345 (2013); *Torncello v. United States*, 681 F.2d 756, 758 (Fed. Ct. Cl. 1982); *JKB Sols. & Servs., LLC v. United States*, 18 F.4th 704, 709 (Fed. Cir. 2021)). Spearman asks the Court to reconsider its reliance on *Myers v. State*, 152 Wn. App. 823, 218 P.3d 241 (2009) and *SAK & Assocs., Inc. v. Ferguson Const., Inc.*, 189 Wn. App. 405, 357 P.3d 671(2015), Washington cases where private companies were able to keep the limitations in 48 C.F.R. § 52.249-2 even when bad faith was alleged.

The federal authority cited by Spearman is inapposite and does not render the Court's ruling manifest error. Spearman's cases are not directly on point given that they relate to contracts with the Federal Government, and they do not overrule *Myers* or *SAK*. The Court has already considered *Scott v. Cingular Wireless*, 160 Wn.2d 843, 854, 161 P.3d 1000 (2007) and finds that Spearman makes no new arguments about this case. Washington law allows parties to contract for this limitation, and the Court will enforce it.

Spearman sets forth no other valid basis for reconsideration. Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Spearman's Motion for Reconsideration, Dkt. #191, is DENIED.

DATED this 22nd day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE