UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SPEARMAN CORPORATION
MARYSVILLE DIVISION and
SPEARMAN CORPORATION KENT
DIVISION,

   Plaintiff,

v.

THE BOEING COMPANY,

   Defendant.

Case No. C20-13RSM

ORDER DENYING BOEING'S MOTION
TO EXCLUDE TESTIMONY OF
MICHAEL DREIKORN

## I.  INTRODUCTION

This matter comes before the Court on Defendant Boeing's Motion to Exclude Testimony of Spearman Corporation Marysville Division and Spearman Corporation Kent Division ("Spearman")'s proposed expert Michael Dreikorn. Dkt. #133. Plaintiff Spearman opposes Defendant's Motion. Dkt. #149. The Court has determined that oral argument is unnecessary. For the following reasons, the Court DENIES Defendant's Motion to Exclude.

## II.  BACKGROUND

This is a contract dispute. Spearman, a manufacturing company that supplies aircraft parts, brings an action against Boeing, a commercial and defense aerospace manufacturer. Plaintiff's Amended Complaint seeks a declaratory judgment that the parties' contracts fail of their essential purpose and are unconscionable. Dkt. #47. Plaintiff also brings causes of action for breach of

ORDER DENYING MOTION TO EXCLUDE - 1

contract, breach of the duty of good faith and fair dealing, and violation of the Washington Consumer Protection Act ("CPA"). *Id.* Plaintiff alleges that Boeing cancelled $50 million of its agreements in bad faith and in violation of the parties' contracts. Dkt. #129. The Court dismissed Plaintiff's CPA claim on January 14, 2021. Dkt. #63. The Court also dismissed Plaintiff's declaratory judgment and breach of contract claims on July 18, 2022. Dkt. #190. Plaintiff's breach of good faith and fair dealing remains, though the Court has found that Plaintiff's damages under this claim are limited. *Id.*

Plaintiff disclosed an initial report from Michael Dreikorn on December 21, 2021 ("Initial Report"). *See* Dkt. #136, Ex. 1. Subsequently, a "Rebuttal Report"—rebuttal of portions of one of Defendant's experts—was disclosed on January 20, 2022, and finally a "Revised Report" was disclosed on January 30, 2022. *See* Dkt. #136, Ex. 2,3. Mr. Dreikorn asserts he has over 41 years of experience in design, production, operations, compliance, supply-chain, and contracting within the aviation industry. *See* Dkt. #136, Ex. 1. Furthermore, he declares that throughout his career, he has held various leadership roles and investigated into complex issues in the aviation, space, and defense industries. *Id.*

Mr. Dreikorn summarized his opinions as follows:

1. Boeing knowingly frustrated Spearman's ability to meet delivery schedules by applying unreasonable delivery demands on a new and emerging supplier, unilaterally shortening delivery dates, failing to issue purchase orders in a timely fashion, providing evolving and changing designs, and providing inadequate access to data and reporting systems.

2. Contrary to Boeing's claims, issues related to Spearman's delivery performance were largely attributable to Boeing's actions or inaction, and were not a result of Spearman's production capabilities or capacity. Spearman suffered substantial harm due to Boeing's refusal to recognize that the delivery performance issues incorrectly attributed to Spearman were actually caused by Boeing.

ORDER DENYING MOTION TO EXCLUDE - 2

3. Boeing hindered Spearman's transfer of work from Marysville to Kent, causing irreparable harm to Spearman.

4. Ultimately, Boeing's termination of contracts with Spearman for cause was not appropriate.

*See* Dkt. #136, Ex. 1.

## III.    DISCUSSION

### A.  Legal Standard

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted. *Daubert v. Merrell Dow Pharm., Inc. ("Daubert I")*, 509 U.S. 579, 590, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The party proffering expert testimony has the burden of showing the admissibility of the testimony by a preponderance of the evidence. *Daubert I*, 509 U.S. at 592 n.10. "[J]udges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-53, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). The Court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted

ORDER DENYING MOTION TO EXCLUDE - 3

1    explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial

2    effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998).

3            As an initial matter, this Court must determine whether the proffered witness is qualified

4    as an expert by "knowledge, skill, experience, training or education." Fed. R. Evid. 702.  Because

5    the Rule "contemplates a *broad conception* of expert qualifications," only a "*minimal foundation*

6    of knowledge, skill, and experience" is required.  *Hangarter v. Provident Life & Accident Ins.*

7    *Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (emphasis in original) (quoting *Thomas v. Newton*

8    *Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)).  A "lack of particularized expertise goes to the

9    weight of [the] testimony, not its admissibility."  *United States v. Garcia*, 7 F.3d 885, 890 (9th

10   Cir. 1993) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984)); *Daubert v. Merrell*

11   *Dow Pharm., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995).

12           The trial court must also ensure that the proffered expert testimony is reliable.  Generally,

13   to satisfy Rule 702's reliability requirement, "the party presenting the expert must show that the

14   expert's findings are based on sound science, and this will require some objective, independent

15   validation of the expert's methodology."  *Daubert II*, 43 F.3d at 1316.  Toward this end, the

16   Supreme Court in *Daubert I* set forth the following factors for the trial court to consider when

17   assessing the reliability of proffered expert testimony: (1) whether the expert's method, theory,

18   or technique is generally accepted within the relevant scientific community; (2) whether the

19   method, theory, or technique can be (and has been) tested; (3) whether the method, theory, or

20   technique has been subjected to peer review and publication; and (4) the known or potential rate

21   of error of the method, theory, or technique.  *Daubert I*, 509 U.S. at 593-94.  An expert opinion

22   is reliable if it is based on proper methods and procedures rather than "subjective belief or

23   unsupported speculation."  *Id.* at 590.  The test for reliability "'is not the correctness of the

ORDER DENYING MOTION TO EXCLUDE - 4

expert's conclusions but the soundness of his methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert II*, 43 F.3d at 1318).

Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony – they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998).   Furthermore, "'[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

Finally, the Court must ensure that the proffered expert testimony is relevant.   As articulated in Rule 702, expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue. *Daubert I*, 509 U.S. at 591.   Thus, the party proffering such evidence must demonstrate a valid scientific connection, or "fit," between the evidence and an issue in the case. *Id.*   Expert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist the trier of fact in analyzing the evidence.   In the Ninth Circuit, "[t]he general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony." *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986).   Because unreliable and unfairly prejudicial expert witness testimony is not helpful to the trier of fact, the trial court should exclude such evidence. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001).   Likewise, expert testimony that merely tells the jury what result to reach is inadmissible.   Fed. R. Evid. 704, Advisory Committee Note (1972); *see, e.g.*, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's").

ORDER DENYING MOTION TO EXCLUDE - 5

**B. Analysis**

Defendant seeks to exclude Mr. Dreikorn's testimony arguing that he reached his conclusions based on errors and without assessing certain material facts, rendering his opinions unreliable. *See* Dkt. #133 at 2. Defendant also requests to exclude Dreikorn's "Revised Report," arguing that it was prejudicial and harmful because it was untimely and was offering expansive new opinions that he failed to include in the original report. *Id*.

**1. Qualification**

After reviewing the submitted materials, the Court finds Mr. Dreikorn qualified to opine on the aerospace manufacturer-supplier relationship at issue. Because Rule 702 contemplates a broad conception of expert qualifications, only a minimal foundation of knowledge, skill, and experience" is required. *Hangarter, supra*. The Court's review of the attached exhibits demonstrates Mr. Dreikorn has the necessary foundation.

**2. Reliability and Relevance**

**i. Initial Report**

Defendant asserts that Mr. Dreikorn's opinions should be excluded from evidence because they are not based on sufficient facts or data and are thus unreliable. *See* Dkt. #133 at 5. Defendant argues that Dreikorn relied on the wrong contract when he formed his opinions related to the parties' contractual obligations. *Id*. The contract Mr. Dreikorn relied on, allegedly, includes terms that are more in favor of suppliers—allowing suppliers to cure late deliveries, fewer cancellation rights for Boeing, and additional rights for suppliers to transfer manufacturing facilities. *Id.* at 3-5. Additionally, Defendant states that Dreikorn's opinions were unreliable because he ignored certain key information related to late deliveries, including default letters to Spearman and testimonies of Spearman employees. *Id.* at 6. This information, Boeing argues,

ORDER DENYING MOTION TO EXCLUDE - 6

shows that Spearman was at fault for its delivery and operation delays. *Id. at 7.* Defendant goes on to question the data that Dreikorn considered in his analysis and points to various testimonies to prove the information and delivery statistics he relied on were incomplete or false. *Id.* at 9. Defendant concludes that Mr. Dreikorn's testimonies, which all relate to whether Boeing's treatment of Spearman was in good faith, are unreliable and should be excluded. *Id.* at 3-5.

The Court disagrees. While Mr. Dreikorn's testimonies include references to contract terms that are different from the parties' contracts, much of his opinions appear to be based on his experience and knowledge. *See e.g.,* Dkt. #136, Ex. 3 (noting that Boeing's "behaviors" were "inconsistent" with its "own stated values and internal procedures" and "industry practice"). Reliability of expert opinions "depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it." *Hangarter,* 373 F.3d at 1017; s*ee also* Fed. R. Evid. 702. Considering the sum of his reports and deposition testimony, Defendant's arguments will not serve as a basis to exclude Dreikorn's entire testimony. Any disputes as to Dreikorn's lack of consideration of certain facts go the weight, not the admissibility, of his testimony. *McCullock*, 61 F.3d at 1044. Defendant is free to attack Mr. Dreikorn's opinion on cross-examination. The Court acknowledges, however, that there appears to be a temptation to bring testimony related to legal interpretation of the parties' contractual terms here. To the extent that the Court determines certain aspects of Mr. Dreikorn's testimony are not helpful or relevant to the jury, the court will sustain Defendant's objections at trial.

### ii.   Rebuttal Report

Boeing requests exclusion of Dreikorn's Rebuttal Report related to certain opinions offered by Defendant's expert Lorraine Barrick. *See* Dkt. #133 at 10. The parties argue about value of the BEST code, a code issued to approved suppliers, and whether it was owned by

ORDER DENYING MOTION TO EXCLUDE - 7

1

2    Spearman Corporation. Again, the parties' opposing opinions on this issue will not serve as a

3    basis to exclude Mr. Dreikorn's testimony. They go to the weight, not admissibility of the

     testimony and can be addressed through cross-examination.

4
5              iii.    **Revised Report**

6              Boeing contests that the Revised Report was untimely and should be excluded. *See* Dkt.

7    #133 at 11. An untimely testimony is not allowed at trial "unless the failure was substantially

8    justified or is harmless." Fed. R. Civ. P. 37(c). Defendant argues that the disclosure of the

9    Revised Report right before deposition of Mr. Dreikorn was not justified because Dreikorn just

10   expanded on his opinion based on information that was not new and was previously available. *Id.*

11   Furthermore, it argues that the untimely disclosure was not harmless because it did not allow

12
     Boeing to review the report well before the deposition. *Id.* at 12.
13

14             Federal Rule 26(e) permits supplementation of an expert report "in a timely manner if the

15   party learns that in some material respect the disclosure ... is incomplete or incorrect...." Fed. R.

16   Civ. P. 26(e)(1)(A). Plaintiff argues that the Revised Report was informed by Boeing's new

17   witness testimony and new documents. *See* Dkt. #149 at 12. Additionally, Plaintiff asserts that it

18   offered an opportunity for Boeing to depose Mr. Dreikorn a second time after digesting the report,

19
     but Boeing declined. *Id.* at 13.
20

21             The Court declines to exclude the Revised Report on this basis.[1] The fact that Spearman

22   supplied the report prior to Dreikorn's deposition, and offered a second deposition opportunity,

23   shows that any prejudice was cured. *See Holen v. Jozic*, No. C17-1147JLR, 2018 WL 5761775,

24   at *2 (W.D. Wash. Nov. 2, 2018) ("District courts are given 'particularly wide latitude' in

25

26

27

28   _____

     [1]  The Court agrees with the Defendant that Spearman's request to exclude Boeing's expert Lorraine Barrick is not
     appropriate as part of its opposition to exclude Dreikorn's testimony, and thus is not addressed in this order.

     ORDER DENYING MOTION TO EXCLUDE - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

determining whether to issue sanctions, including the exclusion of evidence, under Rule 37(c)(1).") (quoting *Bess v. Cate*, 422 F. App'x 569, 571 (9th Cir. 2011)).

## IV.   CONCLUSION

Given all of the above, the Court finds no basis to exclude Mr. Dreikorn's testimony. Having reviewed the above Motions and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Exclude Certain Testimony of Spearman Proposed Expert Michael Dreikorn, Dkt. #133, is DENIED.

DATED this 14th day of October 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO EXCLUDE - 9