UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | Case No. C20-13RSM<br><br>ORDER DENYING BOEING'S MOTION TO EXCLUDE TESTIMONY OF ROBERT WAGNER |

This matter comes before the Court on Defendant Boeing's Motion to Exclude Testimony of Spearman Corporation Marysville Division and Spearman Corporation Kent Division ("Spearman")'s proposed expert Robert Wagner. Dkt. #134. Plaintiff Spearman opposes Defendant's Motion. Dkt. #152. The Court has determined that oral argument is unnecessary. For the following reasons, the Court DENIES Defendant's Motion to Exclude.

Plaintiff disclosed an initial report from Robert Wagner on December 22, 2021 ("Wagner Report"). *See* Dkt. #135, Ex. A. Mr. The Wagner Report sets out seven categories of damages that Plaintiff claims to have suffered. *See* Dkt. #135, Ex. A. With the exception of one category —$5 million—the remaining claimed damages are for lost profits. Defendant seeks to exclude

ORDER DENYING MOTION TO EXCLUDE - 1

Mr. Wagner's testimony arguing that Wagner's premise that Plaintiff is entitled to lost profits is contrary to law, and that his calculations of lost profits are based on speculations and unreliable assumptions. *See* Dkt. #134. Plaintiff argues that Boeing's motion is not a proper Daubert challenge as Defendant is merely attacking the factual basis and legal theories behind Mr. Wagner's opinions. *See* Dkt. #152.

A Daubert motion is appropriate when seeking to exclude an opposing party's expert testimony if the expert is not qualified, the expert's opinion does not "rest on a reliable foundation" or is not "relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc. ("Daubert I")*, 509 U.S. 579, 590, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). As Plaintiff argues, Defendant is not contesting Mr. Wagner's qualification or methods, and this Court declines to use its gatekeeping role to reach legal rulings as to available damages. Given Plaintiff's arguments, Defendant is free to move to exclude testimony at a later stage by filing a motion in limine.

Given all of the above, the Court finds no basis to exclude Mr. Wagner's testimony. Having reviewed the above Motions and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Exclude Certain Testimony of Spearman Proposed Expert Robert Wagner, Dkt. #134, is DENIED.

DATED this 14th day of October 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO EXCLUDE - 2