UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>          Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>          Defendant. | Case No. C20-13RSM<br><br>ORDER DENYING MOTION TO EXCLUDE CERTAIN TESTIMONY OF BOEING PROPOSED EXPERT LORRAINE BARRICK |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff Spearman Corporation Marysville Division and Spearman Corporation Kent Division ("Spearman")'s Motion to Exclude Certain Testimony of Boeing Proposed Expert Lorraine Barrick. Dkt. #131. Defendant Boeing opposes Plaintiff's Motion. Dkt. #145. The Court has determined that oral argument is unnecessary. For the following reasons, the Court DENIES Plaintiff's Motion to Exclude.

## II.     BACKGROUND

This is a contract dispute involving Spearman and Boeing. This Court has previously dismissed several of the Plaintiff's claims, and its breach of good faith and fair dealing claim is still remaining. Dkt. #190.

ORDER DENYING MOTION TO EXCLUDE - 1

Defendant provides Lorraine Barrick as an expert to opine on Spearman's financial conditions and analyze Boeing's counterclaim damages. *See* Dkt. #132-2. Ms. Barrick is a Certified Public Accountant, with experience in analyzing financial records and evaluating claims for financial damages. *Id.* at 8.

Ms. Barrick summarized her opinions as follows:

1. Spearman was losing money even before its contract with Boeing and its financial problems are not attributable to Boeing.

2. Financial statements provided to Boeing were inadequate and misrepresented Spearman's financial health.

3. Mr. Spearman comingled his personal and business assets and liabilities.

4. Boeing's damages claim includes Boeing's cost to cover undue balances for material sold to Spearman, and to cover excess costs to manufacture products internally and through other suppliers.

5. Plaintiffs' damages claims are inadequately presented.

*See* Dkt. #132-2 at 13.

### III.    DISCUSSION

#### A.  Legal Standard

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted. *Daubert v. Merrell Dow Pharm., Inc. ("Daubert I")*, 509 U.S. 579, 590, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The party proffering expert testimony has the burden of showing the admissibility of the testimony by a preponderance of the evidence. *Daubert I*, 509 U.S. at 592 n.10. "[J]udges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-53, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). The Court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998).

As an initial matter, this Court must determine whether the proffered witness is qualified as an expert by "knowledge, skill, experience, training or education." Fed. R. Evid. 702. Because the Rule "contemplates a *broad conception* of expert qualifications," only a "*minimal foundation* of knowledge, skill, and experience" is required. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (emphasis in original) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)). A "lack of particularized expertise goes to the weight of [the] testimony, not its admissibility." *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984)); *Daubert v. Merrell Dow Pharm., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995).

The trial court must also ensure that the proffered expert testimony is reliable. Generally, to satisfy Rule 702's reliability requirement, "the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology." *Daubert II*, 43 F.3d at 1316. Toward this end, the Supreme Court in *Daubert I* set forth the following factors for the trial court to consider when assessing the reliability of proffered expert testimony: (1) whether the expert's method, theory, or technique is generally accepted within the relevant scientific community; (2) whether the method, theory, or technique can be (and has been) tested; (3) whether the method, theory, or technique has been subjected to peer review and publication; and (4) the known or potential rate of error of the method, theory, or technique. *Daubert I*, 509 U.S. at 593-94. An expert opinion is reliable if it is based on proper methods and procedures rather than "subjective belief or unsupported speculation." *Id.* at 590. The test for reliability "'is not the correctness of the expert's conclusions but the soundness of his methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert II*, 43 F.3d at 1318).

Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony – they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998). Furthermore, "'[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

Finally, the Court must ensure that the proffered expert testimony is relevant. As articulated in Rule 702, expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue. *Daubert I*, 509 U.S. at 591. Thus, the party proffering

ORDER DENYING MOTION TO EXCLUDE - 4

such evidence must demonstrate a valid scientific connection, or "fit," between the evidence and an issue in the case. *Id.* Expert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist the trier of fact in analyzing the evidence. In the Ninth Circuit, "[t]he general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony." *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986). Because unreliable and unfairly prejudicial expert witness testimony is not helpful to the trier of fact, the trial court should exclude such evidence. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001). Likewise, expert testimony that merely tells the jury what result to reach is inadmissible. Fed. R. Evid. 704, Advisory Committee Note (1972); *see, e.g.*, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's").

**B. Analysis**

Plaintiff seeks to exclude portions of Ms. Barrick's testimony arguing that her opinions regarding Spearman's financial status and cover damages are incomplete, irrelevant, and rely on flawed methodology. *See* Dkt. #131 at 2.

**1. Qualification**

Plaintiff argues that while Ms. Barrick has expertise in accounting principles, she does not have specific knowledge related to decision-making practices in the aerospace industry. *See* Dkt. #131 at 5. After reviewing the submitted materials, the Court finds Ms. Barrick qualified to opine regarding Plaintiff's financial condition prior to contracting with Boeing and the counterclaim damages. Because Rule 702 contemplates a broad conception of expert qualifications, only a "minimal foundation of knowledge, skill, and experience" is required. *Hangarter, supra.* The

Court's review of the attached exhibits demonstrates Ms. Barrick has the necessary foundation as to this issue.

### 2. Reliability and Relevance

#### i. Barrick's opinion about Spearman's financial status

Plaintiff asserts that Ms. Barrick's opinion regarding Spearman's financial condition is prejudicial and irrelevant. Spearman opines that Boeing chose to award the contracts in dispute to Spearman—knowing about its unstable financial situation, business model, and comingling of assets— simply because Spearman was offering lower prices. Thus, they argue, it is irrelevant if Spearman's financials were "*really* high risk instead of just high risk." *See* Dkt. #131 at 11.

The Court disagrees. Ms. Barrick's opinions related to Spearman's financial position, financial misstatements to Boeing, and comingling of assets and liabilities are relevant because they relate to the outstanding claims for damages and Spearman's claim that Boeing caused its financial problems. *Daubert I*, 509 U.S. at 591. As a Certified Public Accountant, Ms. Barrick analyzes and summarizes Plaintiff's financial data, which will help the jury in evaluating any evidence related to the outstanding claims in the case.

Next Plaintiff argues that Ms. Barrick's opinions are unreliable, and her methodology is flawed. They point to Barrick's deposition admissions, asserting that Ms. Barrick was neither knowledgeable about Boeing's internal practices (related to contract awards), nor did she rely on them in forming her opinion. *See* Dkt. #131 at 7. Plaintiff argues that Ms. Barrick ignored evidence of Boeing's knowledge of Spearman's financial condition, failed to conduct a complete audit of Spearman's books and records, and speculates to make Spearman's financial data worse than it was. *Id.* at 8-11. Additionally, Spearman contests Ms. Barrick's methodology in valuing its assets. *Id.*

ORDER DENYING MOTION TO EXCLUDE - 6

The Court will not question Ms. Barrick's use of accounting principles to assess Spearman's financials. Ms. Barrick does not appear to be basing her opinions solely on subjective belief. The parties' opposing opinions about Ms. Barrick's conclusions will also not serve as a basis to exclude opinion testimony. The alleged "flaws" all go to the weight, not admissibility of the testimony. Plaintiff is free to attack Ms. Barrick's opinion on cross-examination and make relevance objections.

### ii.    Barrick's opinion about "cover" damages

Plaintiff also contests Ms. Barrick's methodology in calculating damages by comparing prices for parts awarded to Spearman with those awarded to cover suppliers, opining that her underlying data was incomplete, unadjusted, and unverified. *See* Dkt. #131 at 12. The Court will not question the accuracy of Ms. Barrick's data at this stage because such challenges go to the weight, not admissibility of the testimony.

## IV.    CONCLUSION

Given all of the above, the Court finds no basis to exclude Ms. Barrick's testimony. Having reviewed the above Motions and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Exclude Certain Testimony of Boeing Proposed Expert Lorraine Barrick, Dkt. #131, is DENIED.

DATED this 20th day of October 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO EXCLUDE - 7