UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPEARMAN CORPORATION MARYSVILLE DIVISION and SPEARMAN CORPORATION KENT DIVISION,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | Case No. C20-13RSM<br><br>ORDER RE: MOTIONS IN LIMINE |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs/Counterclaim Defendants (collectively referred to as "Spearman")'s Motions in Limine, Dkt. #205, and Defendant/Counterclaim Plaintiff ("Boeing")'s Motions in Limine, Dkt. #208.  The Court has determined it can rule on these Motions without oral argument.  For the reasons below, these Motions are GRANTED, DENIED, and DEFERRED as stated below.

## II.   AGREED MOTIONS IN LIMINE

The Court previously granted thirteen stipulated motions in limine.  Dkt. #211.

## III.   PLAINTIFFS' MOTIONS IN LIMINE

1. Spearman first moves to preclude Boeing from "introducing evidence to refute Spearman's argument that James Frankland was fired because of his relationship with

ORDER RE: MOTIONS IN LIMINE - 1

Spearman due to its refusal to produce Frankland's personnel file and relevant records." Spearman is essentially attempting to bring a discovery motion after the deadline. Spearman never moved the Court to compel production of Frankland's personnel file. The Court finds it procedurally improper to bar Boeing from presenting evidence as a result of a discovery issue under these circumstances. More substantively, Boeing contends that Frankland cannot provide relevant testimony, but "in the event that Frankland is permitted to testify that he was terminated because of his relationship with Spearman, Boeing should be permitted to cross-examine Frankland regarding that termination." The Court agrees with Boeing that such could be relevant, depending on Frankland's testimony. DENIED.

2. Spearman next moves to preclude Boeing "from arguing that it terminated any suppliers whose termination letter it refused to produce in discovery." Again, Spearman did not move to compel this discovery and the Court will not bar Boeing from presenting this evidence as a discovery sanction. Boeing states that evidence about other suppliers is irrelevant in this case, but that "if Spearman are allowed to argue that they were singled out compared to other suppliers, Boeing can present evidence that (1) Spearman's performance was much worse than most other Boeing suppliers, and (2) depending on the totality of the circumstances, Boeing has taken action against other poor-performing suppliers where warranted." Dkt. #218 at 4–5. The Court agrees with Boeing that such could be relevant, depending on Spearman's case. DENIED.

3. Spearman's third Motion seeks to prohibit Boeing from presenting evidence or argument that any Spearman late delivery was "material" justification for termination of Spearman's contracts absent proof that the late delivery defeated the contracts' purpose.

ORDER RE: MOTIONS IN LIMINE - 2

Boeing argues, and the Court agrees, that this is improperly seeking to relitigate a summary judgment issue. The Court has already ruled that Boeing did not breach the contract by terminating for Spearman's late deliveries. This is obviously relevant for the remaining claims. DENIED. Any discussion of law for the jury to consider will occur later when the Court and the parties review jury instructions.

4. Spearman seeks to exclude under FRE 401 and 403 any argument that it materially breached a contractual duty to pay IRS debts as they became due. "Inability to pay debts, or nonpayment of debts, as they become due" is an event of default. Why Boeing terminated the contract is key to understanding this case. This may not be the *most* relevant point for Boeing to raise, but its relevance outweighs any prejudice. Spearman fails to adequately explain how IRS debts, not entirely uncommon in the business world, are overly prejudicial. To the contrary, Spearman appears to have a mitigating explanation for the debt that it can present to the jury. DENIED.

5. Spearman moves for a blanket ruling that out-of-court statements of Boeing employees are admissible as party admissions under FRE 801(d)(2). That rule provides in relevant part that a statement is not hearsay if it is offered against an opposing party and "was made by the party in an individual or representative capacity," "was made by a person whom the party authorized to make a statement on the subject," or "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Neither party discusses specific statements. This requires an individualized analysis and the Court declines to make a blanket ruling. Boeing employee statements concerning business with Spearman will likely be admissible. Boeing is free to object on a case-by-case basis and the Court will rule at trial. DEFERRED.

ORDER RE: MOTIONS IN LIMINE - 3

6. Spearman moves for a preemptive ruling that Boeing employees' instant messages produced in this case, although hearsay, are admissible under the business records and/or party admission exceptions. *See* FRE 803(6). Neither party discusses specific records. The Court has already declined to issue a blanket ruling as to party admissions. The Court will likewise defer ruling on the business record issue until it is faced with individual IM conversations. The Court is likely to find that instant messages discussing Spearman are admissible business records. DEFERRED.

7. Spearman moves under FRE 403 to exclude evidence of its finances, alleged financial condition, or any related financial documents that Boeing did not know about at the time the contracts were made, arguing that Boeing did not really care about its finances, just Spearman's low prices. Spearman muddles its point by arguing that Boeing already had "negative financial indicators." It does not necessarily follow that if the indicators were even more negative Boeing would still have chosen Spearman; presumably there is some tipping point. The Court finds that this type of information is relevant to Boeing's fraud and negligent misrepresentation counterclaims and more probative than prejudicial. Spearman is free to make substantive arguments about the value of this information to the jury. DENIED.

8. Spearman moves to exclude evidence of Alex Spearman's personal finances under FRE 401 and 403. Boeing argues this is relevant to its alter ego theory and its fraud and negligent misrepresentation claims, and that Mr. Spearman's personal financials will show that he commingled his personal and corporate assets and liabilities, which is relevant to Boeing's fraud and alter ego claims. The Court agrees with Boeing that, although this information might not be relevant for defending against Spearman's

ORDER RE: MOTIONS IN LIMINE - 4

claims, or for supporting Boeing's counterclaims directly, it is relevant if Boeing is to go after Alex Spearman's personal assets under an alter ego theory of liability. Accordingly, it cannot be excluded under FRE 401 or 403. DENIED. The Court may entertain a narrower FRE 403 motion brought during trial if evidence is introduced solely for embarrassment rather than to demonstrate co-mingling or other necessary elements of the alter ego theory.

9. Spearman moves to prohibit Boeing from presenting evidence or argument that its claims for lost profits are not allowable under its contract with Boeing. The Court has already ruled on this issue, twice. *See* Dkt. #190 at 14–15; Dkt. #194 at 3. This issue is not evidentiary in nature, and is not a proper motion in limine. Neither the Court nor the jury will be baited into reconsidering prior legal rulings. DENIED.

### IV. DEFENDANT'S MOTIONS IN LIMINE

1. Boeing first moves to exclude "evidence relating to issues resolved or rendered irrelevant by the Court's summary judgment order." Spearman's breach of contract claim has been dismissed, and, as stated above, their available damages limited. *See* Dkt. #190. The Court will not repeat its prior rulings here. The Court will sustain an objection to any evidence solely relevant to dismissed claims or unavailable damages. Spearman is free to explain how evidence relates to remaining claims or available damages. If Spearman's expert Robert Wagner can only opine about lost profits on work never performed, he should not be called as a witness. Spearman may need to explain at trial how damages for the Makino 5-Axis Machine or GROBs are available, relying on testimony and exhibits for factual support. The Court does not believe that a discussion of such evidence would confuse the jury, and if such is ultimately not

ORDER RE: MOTIONS IN LIMINE - 5

available that can be explained at closing and via the verdict form. Evidence of Boeing's bad faith that is not tied to Boeing's contractually-required performance with Spearman or other suppliers is almost certainly irrelevant and will be excluded under FRE 401 or 403. GRANTED.

2. Boeing moves to preclude Spearman's witness from offering legal conclusions along the lines that Boeing's actions were a breach of contract, illegal, or in bad faith, under FRE 704 and *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017). Spearman is free to present evidence or testimony to support their breach of good faith and fair dealing claim. Witnesses, including expert witnesses, may not offer legal conclusions. Labeling an action "in bad faith" is not the same thing as opining that Boeing breached the duty of good faith and fair dealing. The Court expects that the parties understand this distinction and that it can issue rulings on a case-by-case basis. DEFERRED.

3. Boeing's third motion seeks to exclude evidence regarding Boeing's contractual relationships with other suppliers as irrelevant under FRE 401. Spearman argues that Boeing's disparate treatment of Spearman as compared with its other suppliers goes to the heart of Spearman's bad faith claim because "[w]hether a party acted in good faith under Washington law requires the fact finder to determine whether that party performed 'consistently with the justified expectations of the other parties' or performed in a way that 'violate[d] community standards of decency, fairness, or reasonableness.'" Boeing has failed to convince the Court that this type of evidence is flatly irrelevant under case law. To the contrary, a discussion of what is in good faith and fair with this type of contract almost certainly requires analysis of Boeing's relationships with other suppliers, given the uniqueness of Boeing's business model. DENIED.

ORDER RE: MOTIONS IN LIMINE - 6

4. Boeing moves to exclude out-of-court statements of Spearman's accountants, brokers, banks, and other third parties as hearsay. Spearman argues that statements from accountants and the like were relied on by Alex Spearman and therefore FRE 803(1) applies. The Court finds that the "present sense impression" exception does not apply to accounting advice on these limited facts or any reasonable circumstances the Court can imagine. Spearman has also failed to demonstrate that what we are talking about here are business records, as opposed to Spearman's proposed testimony at trial about what advisers told him. The business record exception does not apply. GRANTED.

5. Boeing argues that evidence relating to the financial, emotional, or personal impact this litigation had on either side is irrelevant, and any probative value would be substantially outweighed by the danger of unfair prejudice. The Court agrees. GRANTED. Spearman is free to talk about the procedural history of this case without wading into the financial, emotional, or personal impact of such on Alex Spearman.

6. Boeing moves to exclude news reports, social media posts, and other alleged bad acts as "inadmissible character evidence and hearsay." Boeing does not provide specifics, other than to mention the 737 MAX airplane. The Court will not rule on this issue in a vacuum. Bad acts that are not relevant to this litigation will be excluded at trial under FRE 401 and 403 as stated above. DEFERRED.

## V.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Spearman's Motions in Limine, Dkt. #205, and Boeing's Motions in Limine, Dkt. #208, are GRANTED, DENIED, AND DEFERRED as stated above.

ORDER RE: MOTIONS IN LIMINE - 7

DATED this 3rd day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: MOTIONS IN LIMINE - 8